PETER RUPPE v. HENRY STEINBACH AND THOMAS W. EDWARDS.

*Burden of proof—Reversal—Mortgages by tenants in common.*

Where a party who has the burden of proof neglects to produce evidence that may fairly be presumed to have been within his reach and is needed to make a satifsactory case, he cannot complain if the court declines to extend his showing by construction to meet the defence.

A decree should not be reversed upon the mere tendency of evidence, without regard to its weight or nature.

A tenant in common of real estate can mortgage his interest to secure his individual indebtedness unless the real estate was purchased by the tenants in common with partnership funds and held by them for partnership purposes.

Appeal from Baraga.   Submitted April 25.   Decided June 14.

FORECLOSURE.   Defendant Edwards appeals.   Affirmed.

*Chandler & Grant* for complainant.   Real estate taken in the joint names of p rtners is not necessarily partnership property liable to partnership debts: *Smith v. Jackson* 2 Edw. Ch. 28; *Reynolds v. Ruckman* 35 Mich. 80; and a purchaser from one without notice of any equitable title in another partner is entitled to protection in his title: *Buchan v. Sumner* 2 Barb. Ch. 198; *Fall River Whaling Co. v. Borden* 10 Cush. 460; *Coder v. Huling* 27 Penn. St, 84; *Ebbert's Appeal* 70 Penn. St. 79; *Offut v. Scott* 47 Ala. 104: 12 Am. L. Reg. N. S. 575; *Bird v. Morrison*

12 Wis. 154; *Hewitt v. Rankin* 41 Ia. 35; Jones on Mort-gages §§ 119, 120; and a mortgage of his own interest by such tenant in common is valid: *Johnson v. Clark* 18 Kan. 157; *Hogle v. Lowe* 12 Nev. 286; a leasehold standing in the name of one of several partners is not presumed to constitute partnership assets: *Chamberlin v. Chamberlin* 44 N. Y. Sup. Ct. 116.

*T. L. Chadbourne* for defendants.

MARSTON, J. This case was commenced in the circuit court in chancery for the foreclosure of a mortgage given March 22, 1878, by Henry Steinbach and wife to secure payment of two notes of even date therewith.

Edwards alone defends, alleging that the mortgaged premises were partnership property of the firm of McKernan & Steinbach, who were engaged in brewery business at L'Anse; that the firm was indebted to him, Edwards, at the time the mortgage was given; that he had recovered a judgment thereon; that the mortgaged property had been sold thereunder, bid in by him, and he had received a sheriff's deed therefor.

There is no question made as to the fact of a co-partnership; of an individual indebtedness by Steinbach to complainant; that the mortgaged premises were conveyed to Henry Steinbach and John Q. McKernan; and that a judgment was recovered by Edwards against these parties, and a sale and conveyance of the premises in question thereunder.

The evidence in some essential respects is very unsatisfactory indeed, and is singularly wanting upon some matters which we have a right to assume could have been placed beyond all controversy had the party upon whom the burthen of proof rested thought it worthy of his attention. Where evidence may fairly be presumed to be within the reach of a party and he does not introduce it, he must not complain if the court, in considering what is produced, does not find it as full and satisfactory as he supposed, or extend it by construction to meet a defence that might have been proven.

Thus it appears that May 14, 1875, Steinbach first con-tracted for these lots, with others afterwards released, pay-ing five hundred dollars thereon; that the co-partnership agreement was not entered into until June following, when McKernan's name was inserted in the land contract of May 14. That these premises were conveyed by deed March 22, 1878, for a consideration expressed therein of six hundred dollars, to John Q. McKernan and Henry Steinbach. On the same day the mortgage in question was given and on the following day McKernan also gave a mortgage on the premises.

While it is fairly inferable that buildings were erected upon the premises by the firm, yet when the same were erected, the cost or value thereof, the improvements made thereon, the amount of money put therein by the several partners, the extent of their firm business, the firm assets and liabilities,—upon these several matters no information has been given. It cannot be said that Edwards had not evidence of these facts at his command. Steinbach was a relative and his principal witness, and no effort whatever was made to reach or establish such facts by the usual or proper method.

Edwards on the 9th day of January, 1879, commenced an action of *assumpsit* against John Q. McKernan and Henry Steinbach as defendants, judgment was afterwards recov-ered, and the sale he claims under made thereon. There is nothing in the record furnished us tending to show the nature of the claim thus sued, how it was evidenced, or how the debt was created, except it is the following taken from the testimony of Steinbach, Edwards not having been examined:

"*Question.* The partnership was indebted at that time (when the mortgage in question was given) to Mr. Edwards?

*Answer.* Yes, sir; and we were indebted for some malt that we had bought. I think about three hundred dollars.

*Q.* How much were you indebted to Mr. Edwards at this time, or about how much the partnership?

*A.* About eighteen hundred dollars. It might have been more.

*Q.* How long had that indebtedness existed at the time of the giving of the mortgage?

*A.* It had existed from, I think it was March or April, 1874, or March or May, between March and May somewhere in 1874. . * * *

*Q.* State whether or not the money that the firm owed to Mr. Edwards, was the indebtedness or .part of it, which was included in this suit which Edwards brought against the firm and got judgment?

*A.* Yes, sir; that is the same. We borrowed one time one thousand dollars and one time five hundred."

This is every word there is bearing upon the subject, and while we may concede that it tends to establish all that defendants claim for it, yet that is not the question here, as this Court is asked to reverse the decree of the court below, and that should not be done upon the mere tendency but upon the weight and satisfactory nature of the evidence.

In so far as the conveyance to McKernan & Steinbach or the records would show, they held the land as tenants in common, and this by a conveyance of the same date as that of the mortgage given. In so far therefore it would appear that one of the tenants in common would have the right to give a mortgage on his interest to secure his indebtedness.

To defeat this right it should be made to appear satisfactorily that the real estate was purchased out of the partnership funds and held for partnership purposes. The most that can be said in this case is that the land was owned by these partners ostensibly as tenants in common, but made use of for partnership purposes, and there is no satisfactory evidence, if indeed there is any, that complainant or his attorney, at the time the mortgage was given, had any knowledge beyond this. Nor does it appear either that at that time, or at any time since then, the firm was insolvent. As already said its assets and liabilities have not been shown, and Steinbach testified that at the time the mortgage was given he thought the firm had sufficient property to pay its debts.

We need not however pursue this matter farther. Had the case been one at law and a jury had under proper instructions found in favor of the defendant, the verdict

possibly could not have been disturbed in this Court, but as already said a different rule ought to and does prevail in a chancery cause. The evidence introduced should be sufficiently strong and clear to fairly establish the several facts necessary to make out the case or defence relied upon. And while in many cases such evidence is not attainable, yet where it is within the reach and power of a party and he does not produce it, no intendment should be made in his favor.

For these reasons the decree will be affirmed with costs.

COOLEY and CAMPBELL, JJ. concurred.